AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED

# UNITED STATES DISTRICT COURT
for the

JUL -9 PM 2:41

[STAMP: DISTRICT COURT, FL]

__John Lamb__
    *Petitioner*

v.

Case No. __5:20-cv-312-OC-32PRL__
(Supplied by Clerk of Court)

__Warden Joseph Henger, et al.__
    *Respondent*
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: __Johnny Lamb__
   (b) Other names you have used: __John Lamb, John Gendaszek, Daniel Gendaszek, John Franchetti, Stephen Gendaszek, Warren Porticut__

2. Place of confinement:
   (a) Name of institution: __FCI Coleman-medium__
   (b) Address: __PO Box 1032__
   __Coleman FL 33521__
   (c) Your identification number: __48457018__

3. Are you currently being held on orders by:
   ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: __Northern District of Georgia Atlanta Division Atlanta, GA__
   (b) Docket number of criminal case: __1:19-cr-224-TCB__
   (c) Date of sentencing: __9-27-19__
   ☐ Being held on an immigration charge
   ☐ Other (explain):

Receipt # OCA-11308
$ 5.00

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☑ Other *(explain)*: __Denial of home confinement inconsistent with legislation passed in response to the COVID-19 pandemic when a national emergency is declared for a communicable dis___

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: __FCI Coleman-medium   Coleman FL 33521__

   (b) Docket number, case number, or opinion number: __BP-8__

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: __Denial of home confinement pursuant to CARES act and S.3579__

   (d) Date of the decision or action: __6-25-2020__

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes   ☑ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

Page 3 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: Due to the nature of the COVID-19 pandemic and the declaration of a national emergency by President Trump regarding a communicable disease this is emergent.

8. **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes       ☐ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?
    ☐ Yes       ☐ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal: _____
_____
_____

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?
   ☐ Yes      ☐ No
   If "Yes," answer the following:

   (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
         ☐ Yes      ☐ No
         If "Yes," provide:
         (1) Name of court: _____
         (2) Case number: _____
         (3) Date of filing: _____
         (4) Result: _____
         (5) Date of result: _____
         (6) Issues raised: _____
         _____
         _____
         _____
         _____
         _____

   (b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
         ☐ Yes      ☐ No
         If "Yes," provide:
         (1) Name of court: _____
         (2) Case number: _____
         (3) Date of filing: _____
         (4) Result: _____
         (5) Date of result: _____
         (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____
_____
_____
_____
_____
_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes   ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: BP-8, BP-9 for Reduction In Sentence
(b) Name of the authority, agency, or court: FCI Coleman-medium Coleman FL 33521
(c) Date of filing: BP8 * 5-7-20, BP9 * 6-8-20.
(d) Docket number, case number, or opinion number: 1027378-F1
(e) Result: Denied
(f) Date of result: BP8 * 5-18-20, BP9 * 6-24-20
(g) Issues raised: I am an inmate over 50 years of age with underlying medical conditions that would most likely be a direct death sentence if I were to contract COVID-19 in this environment. I am also within 6 months of release date of 12-8-20. The CARES act was passed requiring placement of such in home confinement immediately allowing for adequate social distancing. Communicable disease national emergency has been declared by President Trump in March.

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Congress passed legislation in response to the COVID-19 pandemic to further facilitate the release of some federal prisoners in the context of a national emergency relating to a communicable disease.

Page 7 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Cares act includes those who are pregnant, age 50 or over, have certain underlying medical conditions, or have less than 12 months left to serve, of course I am not pregnant but I do meet all of the other criteria and I am a non violent felon.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes   ☐ No

**GROUND TWO:** Florida has been declared a "hot spot" for numerous new COVID-19 infections with the latest numbers being above 9,000 new infections in a 24 hour period. The probability of catching covid is increased

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

CDC in Florida has recenty stated that there are over 9,000 new infections in a 24 hour period.

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☒ No   this is new information.

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes         ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: Release me immediately to home confinement in accordance with the Cares act and S.3579 please. With my medical concerns contracting covid-19 in this environment would be easier and would most likely be a death sentence.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 6-28-20

Signature of Petitioner: *John Lamb*

_____
Signature of Attorney or other authorized person, if any

John Lamb 48457-018
Informal Resolution Form
6-16-20

set out clearly in the cares act and S. 3579 I believe I should have been approved for home confinement. On 3-13-2020 President Trump declared a national emergency related to a communicable disease specifically "covid-19" aka "corona virus". CARES Act, P.L. 116-136, § 12003(b)(2)(2020) which now requires that certain prisoners in the custody of the BOP—those who are pregnant, those who are age 50 or over, those who have certain underlying medical conditions, or those who have 12 months or less left to serve — immediately be placed in community supervision when a "national emergency relating to a communicable disease" has been declared and for 60 days after it has expired. Such an emergency has been declared, see proclamation No. 9994, 85 Fed. Reg. 15,337 (March 18, 2020). In making such placements, the directors of BOP and USMS would be obligated to "take into account and prioritize" placements enabling "adequate social distancing," with home confinement given as one example. The only exception is if the BOP director determines by clear and convincing evidence that they are "likely to pose a specific and substantial risk of causing bodily injury or using violent force against the person of another" which I do not have. I am 52 w/medical conditions and under 6 months left.

Home Confinement

COC 1330.17.B
March 3, 2018
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.16 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

***

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| John Lamb | 48457-018 | B03-050u | John Lamb |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1. Specific complaint (one 8 ½" x 11" continuation page may be attached):

   I requested home confinement pursuant to the Cares act and S.3579 and was denied (see attached) for the following reasons (attachment)

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

   Put in a letter and spoke to Ms. Floyd. (see attached)

3. What action does the inmate wish to be taken to correct the issue?

   Requests placement into home confinement. I have numerous health concerns that could be grave concerns if covid was contacted.

Correctional Counselor's Comments (including actual steps taken to resolve):

DUE TO THE REASON ALREADY STATED IN YOUR RESPONSE FROM MS. FLOYD YOU DO NOT MEET THE CRITERIA.

| Correctional Counselor | 6-25-2020 | Staff Circle One: (Informally Resolved)  Not Informally Resolved |
|---|---|---|
| | Date | |

| Unit Manager's Review G. LEE | 6-25-2020 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.
2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 6-16-2020 | 6-23-2020 | 6-25-2020 | | |
| Time: | 6:40p | 12:00pm | 2:00pm | | |
| Counselor: | Paula Floyd | K.MCCRAH | K.MCCRAH | | |

# Response to Inmate Request to Staff

Inmate: Lamb, John
Register Number: 48457-018
Institution / Housing Unit: COM / B Unit (B03-090U)

You were accessed for your suitability for home confinement and there were a couple of criteria you did not meet to be considered for placement on home confinement. You are not currently residing in a Low or Minimum security facility. Additionally, you do not have a Minimum Risk of Recidivism score. Your current risk of Recidivism score is Medium. The Unit Team rescored your risk level on June 11, 2020.

_____          06·16·2020
Paula Floyd, Unit Manager           Date



BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Mr. Henger, Warden | DATE: 6-8-20 |
|---|---|
| FROM: John Lamb | REGISTER NO.: 48457018 |
| WORK ASSIGNMENT: Rec Spec | UNIT: B-2 #90 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request. I have numerous underlying medical conditions that may make it easier to contract COVID-19 and also turn it in to a death sentence. We are kept in our cells for at least 23 hours a day on Tuesdays, Thursdays, Saturdays and Sundays allowing us out for about 20 minutes at each of the 3 meal times to walk to the chow hall and back to pick up a grab and go meal and eat it in our bed in our cell with the toilet. On Mondays, Wednesdays and Fridays we get out for 2 additional hours on 1 day and 4 additional hours on 2 days alternating week to week with the upstairs tier. This keeps us laying in our bunk a majority of the time especially in cells with 3 inmates in the 40 square feet of available floor space. Inmates with underlying medical conditions are more likely to get pneumonia when laying down and sleeping most of the time which is a majority of the way COVID has killed it's victims. Please look at my medical file about all of my medical issues notated. See attached note.

DISPOSITION:


| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate

PDF                       Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

June 8, 2020

Mr Henyer,

According to the Cares Act and S.3579 when a national emergency relating to a communicable disease is declared by the president which he declared under the Covid-19 pandemic on 3-13-20 goes beyond 18 USC S. 3624(c) and 34 USC S. 60541(g) BOP is required to release a prisoner over 50 years old, with a covered health condition, or who is within 12 months of release from incarceration. I also have pulmonary fibrosis from the blood clots in my lungs which would most likely be a death sentence if I catch covid-19 and I am within 6 months of release and I am over 50. I should be able to be released immediately to home confinement to my elderly mother's address of 13 Harrogate Ct. Sewell, NJ 08080. Her name is Linda Brogley and phone number is (856)906-3444.

I thank you in advance for your assistance. Respectfully,

John Lamb

cc: file

# CARES Act and S. 3579

Congress has passed legislation in response to the COVID-19 pandemic that modifies one of the authorities described above—release to home confinement under 18 U.S.C. Section 3624(c)(2)—and at least one bill has been introduced that would appear to further facilitate the release of some federal prisoners in the context of a national emergency related to a communicable disease.

In a set of legislative proposals DOJ submitted to Congress to "address[] issues created by the COVID-19 pandemic," it recommended that Section 3624(c) be amended to give BOP "discretion to expand use of home confinement pas[t] [BOP's] current limitations of 10% of the term of imprisonment or 6 months."[84] The Coronavirus Aid, Relief, and Economic Security Act (the CARES Act, P.L. 116-136), appears to adopt this proposal by permitting the BOP Director to lengthen the maximum amount of time for which a prisoner may be placed on home confinement "as the Director determines appropriate" when the Attorney General "finds that emergency conditions will materially affect the functioning" of BOP.[85] The authority is limited, however, to "the covered emergency period," which is defined as the period spanning from the President's declaration of a national emergency with respect to COVID-19 to the date that is 30 days after the date on which the declaration terminates.[86]

Legislation introduced in the Senate on March 25, 2020, would appear to further supplement some of the authorities discussed above.[87] S. 3579 would require that certain federal prisoners in the custody of BOP or USMS—those who are pregnant, age 50 or older, have certain underlying medical conditions, or have 12 months or less to serve—immediately be placed in community supervision when a "national emergency relating to a communicable disease" has been declared and for 60 days after it has expired.[88] In making such placements, the directors of BOP and USMS would be obligated to "take into account and prioritize" placements enabling "adequate social distancing," with home confinement given as one example.[89] Individuals falling into qualifying categories would be excepted from placement in community supervision under the bill, however, if the Director of BOP or Director of USMS determines by clear and convincing evidence that they are "likely to pose a specific and substantial risk of causing bodily injury or using violent force against the person of another."[90]

It thus appears that S. 3579 would enhance current authorities that permit the release of federal prisoners in response to COVID-19. Specifically, under S. 3579 some federal criminal defendants in pretrial detention would be eligible for immediate release to community supervision (assuming they meet the health or other criteria) without the need to file individual petitions seeking the

---

[84] DEP'T OF JUSTICE, PROPOSALS FOR ADDRESSING ISSUES CREATED BY THE COVID-19 PANDEMIC 20 (2020), https://int.nyt.com/data/documenthelper/6835-combed-doj-coronavirus-legisla/06734bbf99a9e0b65249/optimized/full.pdf.

[85] CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

[86] *Id.* § 12003(a)(2).

[87] S. 3579, 116th Cong. (2020).

[88] *Id.* § 4. A "national emergency relating to a communicable disease" is defined as either an emergency determined by the President to exist under 42 U.S.C. § 5191(b) or declared by the President under 50 U.S.C. § 1601–1651 (the National Emergencies Act) with respect to a communicable disease. *Id.* § 3. It appears that such an emergency has already been declared under the National Emergencies Act with respect to COVID-19. *See* Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 18, 2020).

[89] S. 3579, 116th Cong. § 4 (2020).

[90] *Id.* The respective directors would be required to document any such determination and report to Congress within 180 days of the expiration of a national emergency. *Id.*

reopening of their detention hearing based on new information or asserting a "compelling reason" for temporary release. And those detained solely because they were previously determined to be a flight risk would appear to qualify for relief under S. 3579, as the bill's only exception for those eligible for relief are detainees that are determined to pose a risk of causing bodily injury or using violent force against another.[91] Additionally, for those currently serving federal sentences in BOP facilities, S. 3579 would appear to establish another alternative for release to community confinement in the context of the COVID-19 pandemic beyond 18 U.S.C. Section 3624(c) and 34 U.S.C. Section 60541(g), as BOP would be required to release a prisoner over 50 years old, with a covered health condition, or who is within 12 months of release from incarceration unless the exception applied.

## Author Information

Nathan James
Analyst in Crime Policy

Michael A. Foster
Legislative Attorney

## Disclaimer

This document was prepared by the Congressional Research Service (CRS). CRS serves as nonpartisan shared staff to congressional committees and Members of Congress. It operates solely at the behest of and under the direction of Congress. Information in a CRS Report should not be relied upon for purposes other than public understanding of information that has been provided by CRS to Members of Congress in connection with CRS's institutional role. CRS Reports, as a work of the United States Government, are not subject to copyright protection in the United States. Any CRS Report may be reproduced and distributed in its entirety without permission from CRS. However, as a CRS Report may include copyrighted images or material from a third party, you may need to obtain the permission of the copyright holder if you wish to copy or otherwise use copyrighted material.

---

[91] A separate provision of the bill would restrict *new* pretrial detentions by prohibiting the government from seeking, or a judicial officer from ordering, the detainment of any individual unless the government shows by clear and convincing evidence that the individual is likely to pose a flight risk or a "specific and substantial risk of causing bodily injury or using violent force" against another. *Id.* § 5.

John Lamb 48457018
FCI Coleman-Medium
Po Box 1032
Coleman FL 33521

Knoxville P&DC TN 379
MON 06 JUL 2020 AM

SCREENED
By USMS

United States District Court
Office of the Clerk
Golden-Collum Memorial Federal Bldg
207 NW Second St, Room 337
Ocala FL 34475